IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Ann T. Corbett, individually and as the Personal Representative of the Estate of Patrick Corbett, deceased,<br><br>        Plaintiff,<br><br>v.<br><br>LONGWOOD PLANTATION-FHE, LLC, doing business as Longwood Planation and Magnolia Place; and J. CLAY FOWLER, individually and as an owner and member of Longwood Plantation-FHE, LLC, and as an owner and member of Longwood Plantation Home Care-FHE, LLC; and Paula Fowler, individually and as an owner and member of Longwood Plantation-FHE, LLC and as an owner and Member of Longwood Plantation Home Care-FHE, LLC,<br><br>        Defendants. | C/A No. 1:23-cv-0635-JFA<br><br><br><br><br>**ORDER** |

This matter is currently before the Court on the Defendants Longwood Plantation-FHE, LLC ("Longwood Plantation"); Longwood Home Care-FHE, LLC ("Longwood Home Care"); J. Clay Fowler ("Clay Fowler"); and Paula Fowler ("Paula Fowler") (collectively "Defendants") Motion to Dismiss pursuant to Rule 12(b)(6), 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure. (ECF No. 9). Having been fully briefed, this matter is ripe for review.

## I.    FACTUAL AND PROCEDURAL HISTORY

This case arises from the death of Patrick Corbett ("decedent") after his residency at Defendant Longwood Plantation-FHE, LLC's ("Longwood Plantation" or "Magnolia Place") memory care unit of its South Carolina assisted living facility. Accepting as true the facts alleged in the Complaint, the decedent became a resident of Defendant's assisted living facility on June 12, 2019. During his residency, Plaintiff alleges numerous acts of negligence of Defendants and its employees related to decedent's nutrition, risk of falls, proper administration of medication, and COVID-19 exposure. On August 7, 2020, decedent tested positive for COVID-19 and on August 14, 2020, he was admitted to the hospital for atrial fibrillation, acute kidney failure, dehydration, acidosis, multi-system organ failure, and acute respiratory failure. Subsequently, on August 17, 2020, decedent passed away.

On November 14, 2022, Plaintiff, Ann T. Corbett, as the personal representative of decedent's estate ("Plaintiff") filed the instant suit in the Court of Common Pleas for the County of Orangeburg. (ECF No. 1-1). Plaintiff asserts the following cause of action in her Complaint: (1) gross negligence—medical malpractice, a survival action against all defendants; (2) gross negligence—medical malpractice, a wrongful death action against all defendants; (3) negligent hiring, training, and retention against all defendants, and (4) breach of contract against defendants Longwood Plantation and Longwood Home Care. *Id.*

On February 14, 2023, Defendants removed this suit to District Court for the District of South Carolina on the grounds of: (1) express exclusive federal jurisdiction; (2) federal question jurisdiction based on complete preemption; (3) embedded federal question

2

jurisdiction pursuant to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308 (2005); and (4) the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

## II.    LEGAL STANDARD

**12(b)(1)**

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the complaint fails to state facts upon which jurisdiction can be founded, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). The plaintiff has the burden of proving jurisdiction, and the court may go beyond the face of the complaint and consider evidence without converting the motion into one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991).

A complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure if the court lacks jurisdiction over the subject matter. *See* Fed.R.Civ.P. 12(b)(1). Subject matter jurisdiction in the federal courts is limited to the adjudication of actual "cases" and "controversies" under Article III of the United States Constitution. *See* U.S. Const. art. III, § 2; *Deakins v. Monaghan,* 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."); *Bryant v. Cheney,* 924 F.2d 525, 529 (4th Cir.1991). If a dispute is not ripe for judicial review, then it does not meet the case or

controversy requirement. *See Bryant,* 924 F.2d at 529 ("Doctrines like standing, mootness, and ripeness are simply subsets of Article III's command that the courts resolve disputes, rather than emit random advice."). This doctrine exists "'to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.'" *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 580, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

## 12(b)(3)

Rule 12(b)(3) provides that a party may raise the defense of "improper venue" by motion seeking dismissal of claims for relief before filing a responsive pleading. Fed. R. Civ. P. 12(b)(3). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws[.]" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas,* 571 U.S. 49, 55 (2013). "When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper." *Ameristone Tile, LLC v. Ceramic Consulting Corp., Inc.,* 966 F. Supp. 2d 604, 616 (D.S.C. 2013) (citation and internal quotation marks omitted). However, the plaintiff is required "to make only a prima facie showing of proper venue in order to survive a motion to dismiss." *Aggarao v. MOL Ship Mgmt. Co., Ltd.,* 675 F.3d 355, 366 (4th Cir. 2012) (citing *Mitrano v. Hawes,* 377 F.3d 402, 405 (4th Cir. 2004)). "In assessing whether there has been a prima facie venue showing, [the court] view[s] the facts in the light most favorable to the plaintiff." *Id.* Moreover, "[o]n a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside the

pleadings." *Id.* at 365–66. To grant a motion under Rule 12(b)(3), the court must find that venue is improper. *See* Fed. R. Civ. P. 12(b)(3).

**12(b)(6)**

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8 of the FRCP, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Atlantic Corp. v. Twombly*, 550 U.S. 544, 580 (2007).

In reviewing the adequacy of a complaint, a court "should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. According to the U.S. Court of Appeals for the Fourth Circuit, "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs.*, 7 F.3d at 1134.

### III.    DISCUSSION

Defendants argue this Court should dismiss Plaintiff's claims for the following reasons: (1) Defendants are immune from suit and liability under the Public Readiness and Emergency Preparedness act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e; (2)

Defendants are immune from liability under the South Carolina COVID-19 Liability Immunity Act (the "S.C. Immunity Act"), S.C. Laws Act 99 (S.147) (2021); (3) the PREP Act defensively preempts any purported state law claims; and (4) to the extent the Court finds Defendants subject to suit under the PREP Act, Plaintiff failed to commence suit in the proper venue and failed to exhaust her administrative remedies.

To begin, this Court will provide some background on the applicable law. As another court in this district has previously stated, "[t]he PREP Act is not new." *See Dozier v. Carlyle Senior Care of Kingstree, LLC*, 2021 WL 10433374, at *3 (D.S.C. Nov. 30, 2021). "It was enacted in 2005 but lies dormant until the Secretary of the Department of Health and Human Services ("HHS") declares a public health emergency. See 42 U.S.C. § 247-d-6d(b). Once active, it immunizes certain parties from certain lawsuits during public health emergencies." *Id.* Generally, the PREP Act provides that:

> A covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration [by the Secretary of Health and Human Services] has been issued with respect to such countermeasure.

42 U.S.C. §247-d-6d(a)(1). On March 17, 2020, the Secretary of HHS issued a declaration under the PREP Act, declaring that COVID-19 was a public health emergency. Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15, 198 (Mar. 17, 2020) ("Declaration").

The immunity granted by section 247d-6d(a)(1) extends to "any claim for loss that has a causal relationship with the administration to or use by an individual of a covered

countermeasure." *Id.* at (a)(2)(B). That includes claims relating to "the design, development, clinical testing or investigation, manufacture, labeling, distribution, formulation, packaging, marketing, promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing, or use of such countermeasure." *Id.*

The term "covered persons" " includes, inter alia, a person or entity that is a "program planner" or a "qualified person." 42 U.S.C. 247d6d(i)(2)(B). A "program planner" is:

> a State or local government, including . . . a person employed by the State or local government, or other person who supervised or administered a program with respect to the administration, dispensing, distribution, provision, or use of a security countermeasure or a qualified pandemic or epidemic product, including a person who has established requirements, provided policy guidance, or supplied technical or scientific advice or assistance or provides a facility to administer or use a covered countermeasure in accordance with declaration under subsection (b).

42 U.S.C. § 247d-6d(i)(6). A "qualified person" is defined as a "licensed health professional or other individual who is authorized to prescribe, administer, or dispense such countermeasures under the law of the State in which the countermeasure was prescribed, administered, or dispensed." 42 U.S.C. § 247d-6d(i)(2)(B)(iv). The PREP Act defines a "person" as "an individual, partnership, corporation, association, entity, or public or private corporation, including a federal, state, or local government agency or department." 42 U.S.C. § 247d-6d(i)(5).

This wrongful death and survival action arises from the treatment of decedent at Defendant's assisted living facility located in South Carolina. Plaintiff's Complaint asserts ordinary state law claims for gross negligence, negligent hiring, retention, and training,

and breach of contract. Despite the slew of allegations regarding Defendants' failure to provide decedent with the proper nutrition or establish safety plans to prevent him from injuring himself by falling, Defendants direct this Court to Plaintiff's allegations regarding the COVID-19 pandemic. For example, Plaintiff alleges Defendants were negligent by "failing to establish, maintain, and analyze an effective prevention protocol, policy, or process in response to the COVID-19 pandemic…" (ECF No. 1-1 at 9).   And more specifically, Plaintiff alleges COVID-19 testing was implemented almost a month after it was set to begin, and staff were observed not wearing face masks on more than one occasion. (ECF No. 1-1 at 7).

Because of these allegations, Defendants urge this Court to find the PREP Act applies to Plaintiff's claims such that they are entitled to immunity from this suit. As support for their contention, they present a lengthy argument that they qualify as "covered persons" under the act who used or administered "countermeasures" such as hand sanitizer, thermometers, personal protective equipment, and COVID-19 tests. Alternatively, if not entitled to immunity, Defendants request this Court transfer this case to the District Court for the District of Columbia.

On its face, the issue before this Court appears to be one of statutory interpretation. Does the PREP Act function as Defendants suggest or not? However, upon closer review, this Court finds this is not the issue at all. Before this Court can even consider whether the PREP Act applies to Plaintiff's claims, this Court must first have jurisdiction over this case. Because Plaintiff failed to file a Motion to Remand, Defendants were able to avoid the jurisdictional issue in their briefing by purely arguing for the dismissal of Plaintiff's claims

based on the applicability of the Act. Unsurprisingly, Defendants are not the first to try the tactic of removing a plaintiff's state law claims to federal court for the sole purpose of asking the court to dismiss the plaintiff's claims on the basis that the court could not hear them. *See Dupervil v. Alliance Health Operations, LCC,* 516 F. Supp. 3d 238, 251 (E.D.N.Y. Feb. 2, 2021) (defendants arguing the court must retain jurisdiction, and thereafter, conclude that the PREP Act applies resulting in dismissal of the case) citing *Sullivan v. Am. Airlines, Inc.,* 424 F.3d 267, 271 (2d Cir. 2005) ("Indeed, [defendant] removed [plaintiffs' state-law] claim to federal district court for the sole purpose of asking that court to dismiss [plaintiffs'] claim on the basis that the federal court could not hear it."). In fact, it appears this tactic has become more popular upon the reawakening of the PREP Act which has resulted in nursing homes or assisted living facilities like Defendants facing similar lawsuits. Based on this Court's research of the PREP Act, the story in each of these cases appears to be essentially the same. "Estates of deceased nursing home residents sue the nursing homes in state court, alleging that the nursing homes negligently handled COVID-19." *Maglioli v. Alliance HC Holdings, LLC*, 16 F.4th 393, 402 (3rd Cir. 2021).

Like the other cases, the Defendants removed this case to this Court based on a combination of federal-officer removal, complete preemption, and a substantial federal issue. Nearly every other federal district court to confront cases like this one has done so on a motion to remand which those courts have granted finding a lack of jurisdiction. However, the fact that a motion to remand is not pending before this Court is of no consequence. This Court is responsible for policing its own jurisdiction and if necessary,

must do so *sua sponte*. *See Brickwood Contractors, Inc. v. Datanet Engineering, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004) ("questions of subject matter jurisdiction may be raised at any point during the proceedings and <u>may (or, more precisely, must) be raised *sua sponte* by the court</u>.") (emphasis added). In their notice of removal, Defendants state federal question as the basis for jurisdiction. [1] Accordingly, the proper question before this Court is whether the PREP Act provides this Court with exclusive federal jurisdiction. [2]

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action to federal court only if the plaintiff could have originally filed the action in federal court. If the parties are not diverse, the complaint must satisfy federal-question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Under the well-pleaded-complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* A federal defense "ordinarily does not appear on the face of the well-pleaded complaint, and, therefore, usually is insufficient to warrant removal to federal court." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995). By relying exclusively on state law, a plaintiff may typically avoid federal court. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425.

---

[1] Defendants removed this suit to the District Court for the District of South Carolina on the grounds of: (1) express exclusive federal jurisdiction; (2) federal question jurisdiction based on complete preemption; (3) embedded federal question jurisdiction pursuant to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308 (2005); and (4) the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

[2] This Court recognizes the parties did not brief the issue of jurisdiction; however, such briefing would be unnecessary as there is a plethora of authority supporting this court's lack of jurisdiction in this instance.

For purposes of the present analysis, the court considers a "corollary" to the well-pleaded complaint rule: complete preemption. *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996) ("The complete preemption doctrine ... is an independent corollary to the well-pleaded complaint rule[.]") (citation omitted); *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) (describing complete preemption as a "third justification for removal" and a "narrow exception to the well-pleaded complaint rule"). The complete preemption doctrine provides that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Custer*, 89 F.3d at 1165 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)).

As the Fourth Circuit Court of Appeals explained, when complete preemption exists, "the plaintiff simply has brought a mislabeled federal claim, which may be asserted under some federal statute." *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003) (citing *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 425 (4th Cir. 2003)). Stated differently, complete preemption "converts an ordinary state common law complaint into one stating a federal claim." *Taylor*, 481 U.S. at 65. For complete preemption to exist, the statute must create a federal cause of action and evidence that Congress intended to provide "the exclusive cause of action" for claims of overwhelming federal interest. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). To date, the Supreme Court has found only three statutes—ERISA § 502(a), National Bank Act, and LMRA § 301—to have met that standard. *Lontz,* 413 F.3d at 441.

However, complete preemption must be distinguished from ordinary preemption. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). "Under

11

ordinary conflict preemption, state laws that conflict with federal laws are preempted, and preemption is asserted as 'a federal defense to plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.' " *Id.* at 186–87 (citing *Taylor*, 481 U.S. at 63).

Defendants' assertion that the PREP Act completely displaces Plaintiff's state-law claims is unavailing. Although not binding on this Court, the Third Circuit Court of Appeals' opinion in *Magioli v. Alliance HC Holdings, LLC* is especially instructive. 16 F.4th 393 (3rd Cir. 2021). In *Magioli*, the estates of deceased nursing home residents brought wrongful death actions against two nursing homes located in New Jersey asserting state law causes of action which alleged decedents' death was caused by the nursing homes' negligent handling of the COVID-19 pandemic. *Id.* at 400. The nursing homes, like the Defendants in this case, removed the cases to federal court based on a combination of federal officer removal, complete preemption, and substantial federal issue. The Third Circuit conducted an extensive analysis on the estates' grounds for removal but of particular significance is the court's reasoning on the issue of whether the PREP Act provides a basis for federal question jurisdiction. The Court answered this question in the affirmative.

Significantly, the Third Circuit found the PREP Act "unambiguously creates an exclusive federal cause of action" for *willful violations*. *Id.* at 409. To fall within the parameters of the exclusive jurisdiction section, the cause of action must allege "death or serious physical injury proximately caused by *willful misconduct*." 42 U.S.C. § 247d-6d(d)(1) (emphasis added). Willful misconduct violation is defined as "an act or omission

12

that is taken—(i) intentionally to achieve a wrongful purpose; (ii) knowingly without legal or factual justification; and (iii) in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit." *Id.* § 247d-6d(c)(1)(A). That standard is "more stringent than a standard of negligence in any form or recklessness." *Id.* (c)(1)(B). The pleading must state the claim of willful misconduct with certain particularity. *Id.* § 247d-6d(e)(3). If the pleading sets forth a willful violation, exclusive jurisdiction exists "in the United States District Court for the District of Columbia." *Id.* (e)(1).

Even with PREP Act claims involving willful misconduct, the plaintiff is still required to exhaust certain administrative remedies, and ultimately, may elect to accept compensation from a designated fund instead of filing suit in federal court. *Dupervil v. Alliance Health Operations, LCC*, 516 F.Supp.3d 238, 251 (E.D.N.Y. Feb. 2, 2021); 42 U.S.C. §§ 247d-6e(d)(1), 247d-6e(d)(5); *see also* 42 U.S.C. §§ 247d-6d(d)(1), 247d-6d(e)(1). Thus, except for willful misconduct violations, PREP Act claims cannot be brought in federal court.

For this Court to have jurisdiction over this case, Defendants needed to demonstrate Plaintiff could have brought her claims under the PREP Act's cause of action for willful misconduct because the designated compensation fund is not a separate cause of action or basis for jurisdiction. *Magioli*, F.4th at 410-12 (finding the compensation fund is not a separate cause of action or independent basis for jurisdiction). Here, Plaintiff alleges negligence, not willful misconduct. In *Magioli,* the Third Circuit was clear that the Act intended for a willful misconduct violation to be a separate cause of action. *See Id.* at 411

(Recognizing "willful misconduct" as a separate cause of action and further providing, "Congress could have created a cause of action for negligence or general tort liability," but "[i]t did not.". It cannot be disputed that Plaintiff did not assert a cause of action for willful misconduct. Specifically, Plaintiff asserts causes of action for (1) Negligence-wrongful death; (2) Negligence-survival action; (3) Negligent Training and Supervision; and (4) Breach of Contract. None of these claims qualify as "willful misconduct."

However, even looking past the titles of Plaintiff's claims, this Court is "compelled to conclude that the allegations fail to even imply that Defendants acted 'intentionally to achieve a wrongful purpose,' 42 U.S.C. § 247(d)-6d(c)(1)(A)(i), or 'knowingly without legal or factual justification,' *id.* §247-6d(c)(1)(A)(ii). *Dozier v. Carlyle Senior Care of Kingstree, LLC,* 2021 WL 10433374, at \*5 (D.S.C. Nov. 30, 2021). Plaintiff's allegation of "gross negligence" and request for punitive damages is also insufficient. *Id.* (finding boilerplate language of "willful, wanton, reckless" to be insufficient to qualify as willful misconduct claim) citing *Maglioli*, 16 F.4th at 411 (rejecting nursing homes' argument that standard punitive damages language is sufficient for court to infer a willful misconduct claim) *See* (ECF No. 1-1 at 11).

Accordingly, Plaintiff could not have brought her claims under the PREP Act. Although the parties did not brief this issue, there is no argument that Defendants could put forward that would allow this Court to infer that Plaintiff has in any way asserted a willful misconduct claim. The language of the Act is clear that a willful misconduct claim includes specific elements that must be pled with particularity and Plaintiff's Complaint is devoid of any allegations that would give rise to such a claim.

Further, out of an abundance of caution, this Court also finds the Act's designated compensation fund, as an administrative remedy, does not make Plaintiff's state-law negligence claims removable to federal court. *Maglioli,* 16 F.4th at 412. The Act is clear that the fund is not an independent cause of action, and it does not confer a basis for federal jurisdiction. The fund is an additional path for relief that "eligible individuals" may pursue. Thus, the PREP Act's compensation fund also does not provide an exclusive federal cause of action triggering removal jurisdiction.

In their Notice of Removal, Defendants assert this Court has jurisdiction over this case pursuant to the *Grable* doctrine, and the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Addressing *Grable* doctrine first, Defendants assert this Court has jurisdiction over this case because Plaintiff's state law claims implicate the PREP Act which is a disputed and substantial federal issue. Typically, when a case is removed under federal-question jurisdiction, federal law creates the cause of action asserted in the complaint. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). But the Grable doctrine provides a basis for federal-question jurisdiction when federal law does not create a cause of action but the state claims "significant federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The four-part test to determine whether state claims raise "significant federal issues" takes its name from the Supreme Court case, *Grable*. The test states that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by

Congress." *Gunn*, 568 U.S. at 258 (citing *Grable*, 545 U.S. at 313–14). Federal jurisdiction is only proper if all four requirements are met.

Defendants' argument fails at Grable's first step because the PREP Act is raised as a defense to Plaintiff's claims and is not "necessarily raised" by the well-pleaded state-law causes of action asserted by Plaintiff. *See Dozier v. Carlyle Senior Care of Kingstree, LLC*, 2021 WL 10433374 at *6 (D.S.C. Nov. 30, 2021) (finding PREP Act fails to meet first element of *Grable* test); *See* also *Maglioli*, 16 F.4th at 413 (concluding PREP Act fails to meet first element of *Grable* test). Thus, this Court lacks jurisdiction based on "significant federal issues."

Finally, Defendants assert removal to this Court was proper based on the federal officer removal statute which permits certain officers of the United States to remove actions to federal court. 28 U.S.C. § 1442(a)(1). To remove a case under § 1442(a)(1), a defendant must meet four requirements: (1) the defendant must be a "person" within the meaning of the statute; (2) the plaintiff's claims must be based upon the defendant "acting under" the United States, its agencies, or its officers; (3) the plaintiff's claims against the defendant must be "for or relating to" an act under color of federal office; and (4) the defendant must raise a colorable federal defense to the plaintiff's claims. *Id.*

Defendants contend they are "persons 'acting under' an agency or federal officer within the meaning of § 1442(a)(1)." In paragraph 54 of their Notice of Removal, Defendants explain that they satisfy the "acting under" requirement for the statute because they followed the federal government's instructions to prevent and mitigate the spread of a highly communicable disease, COVID-19, while providing quarantine units to vulnerable

16

seniors. *See* (ECF No. 1 at 20). However, the Supreme Court has made clear that his Court finds that "the help or assistance necessary to bring a private person within the scope of the statute does not include simply complying with the law." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152 (2007). As an assisted living facility, Defendants are a private party, not federal actors, and thus, this Court cannot exercise jurisdiction over this case on this basis. *See Maglioli*, 16 F.4th at 404 (finding §1442(a)(1) was not a basis for removal for nursing home Defendants with state law claims asserted against them); *See also Dupervil v. Alliance, Health Operations, LCC,* 516 F. Supp. 3d 238, 261 (E.D.N.Y. Feb. 2, 2021) (finding removal under 28 U.S.C. §1442(a)(1) improper because nursing home cannot be considered "persons" acting under a federal officer). Therefore, this Court does not have jurisdiction over this case pursuant to 28 U.S.C. § 1442(a)(1).

This Court's analysis began with the question of whether the PREP Act provides a basis for federal-question jurisdiction in a case involving purely state law causes of action. This Court answered that question in the affirmative finding the PREP Act unambiguously provides exclusive federal jurisdiction for willful misconduct. However, as this Court determined in the foregoing analysis, Plaintiff's Complaint does not include a claim for willful misconduct, and the allegations underlying Plaintiff's claims also do not give rise to such a claim. As such, Plaintiff's Complaint does not fall within the limited parameters of exclusive jurisdiction provided by the PREP Act. Significantly, this Court is not alone in this decision as nearly every other federal court to confront cases like the one at hand

has reached the same conclusion.[3] Plaintiff brought this case in state court asserting ordinary state law claims, and as such, state court is where this case belongs. Thus, Defendants' motion is denied, and this case is remanded to the Court of Common Pleas for Orangeburg County, South Carolina.

## IV.     CONCLUSION

For the reasons stated above, Defendants' motion is denied (ECF No. 9) and this case is remanded to the Court of Common Pleas for Orangeburg County, South Carolina.

IT IS SO ORDERED.

May 24, 2023                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                               United States District Judge

---

[3] *See, e.g.*, *Wright v. Encompass Health Rehab. Hosp. of Columbia, Inc.*, No. 20-02636, 2021 WL 1177440 (D.S.C. Mar. 29, 2021); Dozier v. Carlyle Senior Care of Kingstree, LLC, 2021 WL 10433374 (D.S.C. Nov. 30, 2021); Mason v. Loris Rehab and Nursing Center, LLC, 2021 WL 7541157 (D.S.C. Dec. 16, 2021); *Martinez v. Spruce Holdings, LLC*, No. 21-CV-0739 AWI SAB, 2021 WL 3883704 (E.D. Cal. Aug. 31, 2021); *Dorsett v. Highlands Lake Ctr., LLC*, No. 21-CV-0910-KKM-AEP, ⸻ F.Supp.3d ⸻, 2021 WL 3879231 (M.D. Fla. Aug. 31, 2021); *David Jones v. Legacy Mgmt. Grp. of La. LLC*, No. 21-CV-00838, 2021 WL 3416993 (W.D. La. July 7, 2021); *Acra v. Cal. Magnolia Convalescent Hosp., Inc.*, No. EDCV 21-898, 2021 WL 2769041 (C.D. Cal. July 1, 2021); *Gwilt v. Harvard Square Ret. & Assisted Living*, No. 21-CV-0472, ⸻ F.Supp.3d ⸻, 2021 WL 2373768 (D. Colo. June 30, 2021); *Elliot v. Care Inn of Edna LLC*, No. 20-CV-3185, 2021 WL 2688600 (N.D. Tex. June 30, 2021); *Brannon v. J. Ori, LLC*, Nos. 21-CV-00058, 21-CV-00065, 2021 WL 2339196 (E.D. Tex. June 8, 2021); *Rae ex rel. Montisano v. Anza Healthcare Inc.*, No. 21-CV-287, 2021 WL 2290776 (S.D. Cal. June 4, 2021); *Shapnik v. Hebrew Home for Aged at Riverdale*, No. 20-CV-6774, ⸻ F.Supp.3d ⸻, 2021 WL 1614818 (S.D.N.Y. Apr. 26, 2021); *Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*, No. 20-CV-00683, ⸻ F.Supp.3d ⸻, 2021 WL 1561306 (M.D. Tenn. Apr. 21, 2021); *Perez ex rel. Est. of Lozano v. Se. SNF LLC*, Nos. SA-21-CV-00089, SA-21-CV-00090, ⸻ F.Supp.3d ⸻, 2021 WL 1381232 (W.D. Tex. Apr. 12, 2021); *Lopez v. Advanced HCS, LLC*, No. 21-CV-00470, ⸻ F.Supp.3d ⸻, 2021 WL 1259302 (N.D. Tex. Apr. 5, 2021); *Est. of Cowan v. LP Columbia KY, LLC*, No. 20-CV-00118, 530 F.Supp.3d 695 (W.D. Ky. Mar. 31, 2021); *Lopez v. Life Care Ctrs. of Am., Inc.*, No. 20-0958, 2021 WL 1121034 (D.N.M. Mar. 24, 2021); *Est. of Jones ex rel. Brown v. St. Jude Operating Co., LLC*, 524 F.Supp.3d 1101 (D. Or. 2021); *Saunders v. Big Blue Healthcare, Inc.*, 522 F.Supp.3d 946 (D. Kan. 2021); *Dupervil v. All. Health Operations, LCC*, 516 F.Supp.3d 238 (E.D.N.Y. 2021); *Est. of Smith ex rel. Smith v. Bristol at Tampa Rehab. & Nursing Ctr., LLC*, No. 20-CV-2798-T-60SPF, 2021 WL 100376 (M.D. Fla. Jan. 12, 2021); *Sherod v. Comprehensive Healthcare Mgmt. Servs., LLC*, No. 20-CV-1198, 2020 WL 6140474 (W.D. Pa. Oct. 16, 2020).